## SECOND DEPARTMENT, MARCH, 1917.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL GERRY, Relator, v. ARTHUR WOODS, as Police Commissioner of the City of New York, Respondent.

*Certiorari — police— weight of perjurer's testimony.*

Certiorari to review a determination of the police commissioner of the city of New York.

Determination annulled, with fifty dollars costs and disbursements, and relator reinstated.  The court is unanimous in the decision that the

determination of guilt on the first specification is against the weight of evidence. The majority of the court is of opinion that the determination of guilt on the second specification rests solely on the evidence of a self-confessed perjurer, and is against the weight of evidence. Jenks, P. J., Thomas, Stapleton and Rich, JJ., concurred; Putnam, J., read for confirmation on the second specification.

PUTNAM, J. (dissenting): It appears that relator had been complained of for drinking on his post. At the original hearing one Timme, an express driver, gave testimony, which was afterwards shown to be false, to support relator's statement that he was only drinking a glass of sarsaparilla. Afterwards Timme explained his story, to the effect that relator, with one Egan, came to Timme on July twenty-first, the morning of the hearing. That in relator's presence Egan said: "Red [the relator's nickname] wants you to do him a little favor.  *  *  *  He said 'He is up on charges for drinking beer. He wants you to go down and say you bought him a glass of sarsaparilla.' The officer [relator] turned around and said 'You go down and say on the morning of July 3rd about 9:20 you were coming along here. I asked you to go inside, I said would you go inside and buy a glass of sarsaparilla and I gave you 5c. and you said you would do it.'" Substantially this was what the relator then testified, and Timme bore him out with all the details. But it was clearly shown that Timme was not at this saloon at this time. On this trial for procuring false witnesses, Egan was not produced, although he had testified in the County Court. Who besides relator would be interested to post Timme in his circumstantial falsities? Who else would know what to put in Timme's mouth? Such detailed perjury to try to get off an offender, supporting his defense minutely, leads to the natural inference against the beneficiary, who has the motive to build up such a false exculpation. Not only was it a clumsy frame-up, but after Timme had been exposed and had retracted, nothing whatever was left of the story of the boy going in with the nickel for this drink. No other person answered the description. Relator's habits were no doubt temperate. But the honor of an officer, and the safety of the citizen, require truth by members of the police force. Should we, who saw none of these witnesses, substitute our judgment against that of the commissioner, not on his law nor in respect to any procedure, but on his finding, as a trier of the fact, against the person who must necessarily have been privy to bearing this false witness in confirmation? I dissent, and vote to dismiss the writ.